# UNITED STATES

*v.*

# BENJAMIN F. BUTLER.

## H. E. KEIM, Claimant.

---

CLAIM FOR MILEAGE BY GOVERNMENT WITNESS BEFORE UNITED STATES COMMISSIONER.

1. A witness is entitled to mileage only while traveling, and not to a *per diem*. He must not adopt an expensive mode of travel, even to be at the hearing in time. There is no law authorizing allowance of actual expenses to private individuals.

2. A witness before a United States commissioner is entitled to but 5 cents a mile as mileage. The act of Congress of March 2d, 1901, relative to Porto Rico, allowing more, applies only to witnesses in court.

January 6, 1903.

---

HOLT, Judge, delivered the following opinion:

This is a question as to the allowance of mileage to a witness for the government. H. E. Keim, living at Aibonito, was summoned as a witness on behalf of the United States to testify before the commissioner in San Juan. The distance between the two places is 50 miles. The witness makes affidavit that, in order to be present at the hearing before the commissioner, he had to hire a coach for $8 to bring him to San Juan in time for the hearing before the commissioner; and that the cheapest mode of conveyance for his return will cost him $4, or $12 in

United States v. Butler.

all. The commissioner, while desiring to do more for the witness, is of the opinion he can only certify for the witness mileage at the rate of 5 cents per mile, and the marshal is only willing to pay this much. The witness claims mileage at the rate of 15 cents per mile, or his actual expenses, the latter amounting to $15. The question of proper allowance has been certified to the court by the commissioner for its ruling.

A witness, unlike a juryman, is not entitled to the *per diem* while *en route* to and from a court. His mileage is all he gets during that time. He has no right, even in order to be at the hearing in time, to adopt an expensive mode of travel, and then claim that he is entitled to be reimbursed. This witness was a private individual; and in such case there is no law authorizing the allowance of his actual expenses. The question, therefore, in this case is, What rate of mileage is to be allowed? In this instance, if the witness can be allowed but 5 cents per mile, he will be the loser, even allowing that he had adopted the ordinary mail coach travel. This hardship, however, must not be allowed to violate the law, if it does not allow more. The general law (§ 848, U. S. Rev. Stat., U. S. Comp. Stat. 1901, p. 654) provides: "For each day's attendance in court, or before any officer pursuant to law, $1.50, and 5 cents a mile for going from his place of residence to the place of trial or hearing, and 5 cents a mile for returning." This statute is at least as old as 1853. The Congress of the United States by act of August 3d, 1892 (27 Stat. at L. 347, chap. 361, U. S. Comp. Stat. 1901, p. 655) provided that jurors and witnesses in the United States courts in certain western states and in the territories of New Mexico, Arizona, and Utah should be entitled to 15 cents for each mile necessarily traveled over any stage line or by private conveyance, and 5 cents for each mile over any railway, in going to and returning from said courts. It was manifest justice to make this increase owing to the greater cost of travel

in these localities. It is very suggestive that the language of this statute is unlike that of the old law in limiting it expressly to the United States courts, while the old law allowed the mileage for attendance in court, or "before any officer pursuant to law." The Comptroller of the United States Treasury construed the act of August 3d, 1892, to only apply to United States courts, and that it did not apply to witnesses attending before a United States commissioner; and this, so far as is known to the court, has been the uniform practice in the United States since the passage of that act. This construction was thus given to it by the United States courts and its departments of government. This being in view, the Congress of the United States by the act of March 2d, 1901 (31 Stat. at L. 954, chap. 812, § 4), relative to Porto Rico, provided: "That jurors and witnesses in the United States district court of Porto Rico shall be entitled to and receive 15 cents for each mile necessarily traveled over any stage line or by private conveyance, and 10 cents for each mile over any railway in going to and returning from said courts." This provision is word for word like that of the act of August 3d, 1892, save it allows 10 cents per mile for travel by any railway. The Congress of the United States in enacting it must have had in view the construction given to the prior act passed more than eight years before, and must have been moved by some reason, which the court is free to confess it does not perceive, to so limit it. In any event, there was such legislation, and after continued construction, similar legislation as to this locality was adopted; and the national legislature must be held to have intended it to have the same effect which had been given to the prior legislation.

This special law relating to Porto Rico must, therefore, be held not to apply to a hearing before a United States commissioner, but only as to the court; and the claim of the witness for more than 5 cents per mile mileage is disallowed.